UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WALTER WARD,

        Plaintiff,        Case No. 15-cv-11902

v        Honorable Thomas L. Ludington
        Magistrate Judge Mona K. Majzoub

CORIZON HEALTH, et al.,

        Defendants.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTION FOR SUMMARYJUDGMENT, GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE AND DENYING IFP ON APPEAL**

Plaintiff Walter Ward, a parolee, filed this *pro se* civil rights action on May 21, 2015 concerning events that allegedly occurred while he was incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan ("JCS"). ECF No. 1. Plaintiff alleges that Defendants Corizon Health together with numerous named and unnamed employees of JCS and Corizon Health violated his rights Eighth Amendments rights under 42 U.S.C. § 1983 by failing to provide him with proper medical care after he fainted on August 31, 2013 and after he lost his balance while blowing his nose on December 7, 2013. *Id*.

On September 29, 2015 Defendants Kinder, Nakata, Rupe, and Vansteenkiste (the "Corizon Employee Defendants") filed a joint motion for summary judgment. ECF No. 29. On October 10, 2015, Defendant Corizon Health filed a motion for judgment on the pleadings. *See* ECF No. 30. Magistrate Judge Mona K. Majzoub then issued her report and recommendation on July 12, 2016, recommending that both motions be granted. *See* Rep. and Rec. 2, ECF No. 40. The magistrate judge reasoned that Plaintiff had not established his deliberate indifference claim

under the Eight Amendment because he had not demonstrated that any Corizon Employee Defendant denied him any constitutional right. She further found that Plaintiff had not alleged any Corizon Health policy, custom, or practice that resulted in his alleged injuries. The magistrate judge also found that Plaintiff could not pursue his claims against the remaining Defendants because Defendant Ladd was deceased and subject to dismissal under Federal Rule of Civil Procedure 25(a), Plaintiff's claims against Defendant Riley were frivolous under 28 U.S.C. § 1915, and Plaintiff had not served the ten unnamed Defendants as required by Rule 4(m). She therefore recommended dismissing Plaintiff's case in its entirety.

Although the magistrate judge's report explicitly states that the parties to this action could object to and seek review of the recommendation within fourteen days of service of the report, neither Plaintiff nor Defendants filed any objections. The election not to file objections to the Magistrate Judge's report releases the Court from its duty to independently review the record. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). The failure to file objections to the report and recommendation waives any further right to appeal.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation, ECF No. 40, is **ADOPTED**.

It is further **ORDERED** that the Corizon Employee Defendants' motion for summary judgment, ECF No. 29, is **GRANTED**.

It is further **ORDERED** that Defendant Corizon Health's motion for judgment on the pleadings, ECF No. 30, is **GRANTED**

It is further **ORDERED** that Plaintiff's claims against Defendant Ladd are **DISMISSED** pursuant to Rule 25(a).

- 3 -

It is further **ORDERED** that Plaintiff's claims against Defendant Riley are dismissed pursuant to 28 U.S.C. § 1915.

It is further **ORDERED** that Plaintiff's claims against Unnamed Defendants 1-10 are **DISMISSED** pursuant to Rule 4(m).

It is further **ORDERED** that Plaintiff's complaint is **DISMISSED** in its entirety.

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED**.  An appeal would be frivolous and could not be taken in good faith. *See* 28 U.S.C. §1915 (a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

                         s/Thomas L. Ludington
                         THOMAS L. LUDINGTON
                         United States District Judge

Dated: August 9, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 9, 2016.

                         s/Johnetta Curry
                         Johnetta Curry, Acting in the Absence of
                         MICHAEL A. SIAN, Case Manager